Filed 10/17/23  P. v. Martinez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL ANTONIO ORDUNEZ MARTINEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B325081<br>(Super. Ct. No. 20F-06044)<br>(San Luis Obispo County) |

Manuel Antonio Ordunez Martinez appeals from the trial court's order terminating his probation and sentencing him to three years in state prison.  (Pen. Code, § 1203.3, subd. (a).)[1]

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues.  On July 3, 2023, we notified appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  The

---

1  All further statutory references are to the Penal Code.

30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

The record reflects that in April 2020, appellant pleaded guilty to kidnapping (§ 207, subd. (a)).  The trial court accepted the plea, suspended imposition of the sentence, and placed appellant on formal felony probation for a term of three years on the condition that he serve 364 days in county jail.

In November 2020, appellant failed to appear in court for a scheduled hearing.  The trial court revoked probation and issued a bench warrant for appellant.

In August 2022, police responded to a call for service involving a domestic disturbance between appellant and his girlfriend.  A second caller reported that appellant had a knife that "he would not get rid of . . . if police responded."  When police arrived at the residence, they observed appellant sitting at the kitchen table with both arms crossed in front of him.  He appeared to be "doing something under his arms."  One of the officers told appellant to raise his hands in the air.  Appellant did not comply.  The officer drew his taser, pointed it at appellant, and continued to tell appellant to put his hands in the air.  Appellant lifted his arm slightly, and the officer observed a kitchen knife under appellant's right arm.  The officer grabbed the knife and told appellant to get on the ground.  Appellant refused to comply and a struggle ensued.

Appellant was arrested for resisting a peace officer (§ 148, subd. (a)(1)), and for the outstanding warrant (§ 1203.2).

In November 2022, the trial court conducted a contested probation revocation hearing.  After listening to testimony and considering the evidence, the trial court found appellant violated the terms of his probation for failing to obey police commands

2

during the criminal investigation.  The trial court terminated probation and sentenced appellant to the low term of three years in state prison.

We have reviewed the entire record and are satisfied that appellant's attorney fully complied with her responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment (order terminating probation and imposing a three-year prison sentence) is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


CODY, J.

3

Craig B. Van Rooyen, Judge
Superior Court County of San Luis Obispo

_____


 Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.
 No appearance for Plaintiff and Respondent.